# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-260 |
| | ) | |
| RODNEY ROSE, | ) | |
| | ) | |

# ORDER

Rodney Rose pled guilty to conspiracy to possess with intent to distribute, and to distribute, a quantity of methamphetamine. Doc. 1174 (Judgment). He has filed a motion in this closed criminal case seeking copies of court records to prepare a "habeas" motion, presumably under 28 U.S.C. § 2255. *See* doc. 1322. He has not, however, filed a habeas motion. He asks the Court to provide copies of "[t]he Official Docket-sheet, the Original Indictment, Petitioner's 'Sentencing Transcripts[,]' and the Judgment and Commitment, and any other documents that are allowed by the Court." *Id.* at 2.

There is no entitlement to a free transcript in collateral proceedings under 28 U.S.C. § 2255. *United States v. MacCollom*, 426 U.S. 317, 326-28 (1976). Indeed, "[t]he usual grounds for successful collateral attacks

upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack." *Id.* (quotes omitted).

For a movant to be entitled to transcripts at the public's expense, this Court must be able to conclude that his collateral proceeding is not frivolous and that the transcript is needed to decide the issues presented. 28 U.S.C. § 753(f) (transcripts may be provided at public expense in § 2255 proceedings "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit").[1] Based on Rose's submission, the preparation and copying of the transcripts at public expense is currently unwarranted under § 753(f). *MacCollom*, 426 U.S. at 328. In the absence of a § 2255 motion, or even suggestion of what the grounds for such a motion might be, Rose's motion

---

[1] Rose requests the documents pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. Doc. 1322 at 1. That section, however, does not apply to collateral challenges. *Cf.* 18 U.S.C. 3006A(c) (representation is guaranteed "at every stage of the proceedings from [a defendant's] initial appearance . . . through appeal"). Regardless, § 753 governs payment for transcripts pursuant to both § 3006A and § 2255.

is insufficient. Rose's request is **DENIED**. *See* doc. 1322. Transcripts and other documents are available from the Clerk of Court. The cost for reproducing any record or paper is $.50 per page, such fee to be tendered to the Clerk with any request for copies of court files directed to the Clerk of Court. Judicial Conference Schedule of Fees at ¶ 4 (effective Dec. 1, 2016).[2]

**SO ORDERED,** this 9th day of April, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Rose is also notified that he may access many of his Court records electronically by creating a Public Access to Court Electronic Records (PACER) account. *See* https://pacer.psc.uscourts.gov/pscof/registration.jsf, *accessed April 7, 2020*. There, "[a]ccess to case information costs $0.10 per page. The cost to access a single document is capped at $3.00, the equivalent of 30 pages. The cap does not apply to name searches, reports that are not case-specific, or transcripts of federal court proceedings. By Judicial Conference policy, if usage does not exceed $15 in a quarter, fees are waived." https://pcl.uscourts.gov/pcl/index.jsf, *accessed April 7, 2020*.